61 CCPA

**C. J. TOWER & SONS OF BUFFALO, INC., Appellant,**

v.

**The UNITED STATES, Appellee.**

**Customs Appeal No. 5526.**

United States Court of Customs and Patent Appeals.

June 6, 1974.

2. For example, the term "cut" in appellant's claim 8.

Glad & Tuttle, San Francisco, attorney of record, for appellant. George R. Tuttle, San Francisco, of counsel.

Irving Jaffe, Acting Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, John N. Politis, New York City, for the U. S.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

LANE, Judge.

This is an appeal from the decision and judgment of the Second Division of the United States Customs Court reported at 69 Cust.Ct. 105, C.D. 4379, 351 F. Supp. 604 (1972), overruling appellant's protest to the classification of imported rough steel castings. The trial court concluded that the imported merchandise was in fact parts of furnaces and had been properly classified under items 661.30 TSUS. Appellant contends that the imported merchandise should be classified under item 664.10 TSUS relating to elevators, hoists, winches, cranes, jacks, pulley tackle, belt conveyors, etc. and parts thereof. As an alternative, appellant contends for classification under item 661.70 TSUS relating to industrial machinery for the treatment of materials by a process involving a change of temperature, etc. and parts thereof.

The trial court found from the testimony and the exhibits that the imported merchandise comprises rough castings which were subsequently machined and assembled in this country as parts of a conveyor utilized in a pelletizing plant. The trial court also found that the purpose of the pelletizing plant in which the castings were used is to transform iron ore pellets by the application of heat in order to make the pellets suitable for use in a blast furnace.

Upon consideration of appellant's arguments on the meaning of the term furnace, and that pelletizing machines are a separate commercial entity designed for use in conjunction with a furnace, we conclude that the decision of the lower court is correct. We agree that the imported castings cannot be classified under item 664.10 because of headnote 1 of subpart A which provides that a machine or appliance which is described in subpart A and also described in other subparts of part 4 is classifiable under subpart A. We likewise agree that the imported castings cannot be classified under item 661.70 since this item is less specific than item 661.30.

The judgment below is affirmed.